UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RYAN D. PORTER,

                Petitioner,

     v.

JAMES CONWAY,

                Respondent.
_____

DECISION & ORDER

05-CV-6142(P)

On March 31, 2005, petitioner in the above-captioned case, filed, *pro se*, a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Docket #1). Respondent filed an answer to the petition on June 14, 2005. (Docket # 6). Shortly thereafter, petitioner requested that his petition be held in abeyance in order to permit him the opportunity to return to state court to exhaust his remedies regarding "additional issues" not included in the original petition. (Docket # 8).

In *Rose v. Lundy*, 455 U.S. 509, 518 (1982), the Supreme Court established the general rule that petitioners must exhaust their judicial remedies with regard to any claim sought to be included within a federal habeas proceeding. Thus, a petition containing both exhausted and unexhausted claims should ordinarily be dismissed so that the state courts may have an opportunity to decide the unexhausted issues. *Id.* at 510. Recently, however, the Second Circuit has held that a federal court presented with a "mixed petition" may exercise its discretion "either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition" for a limited period of time to permit the petitioner to return to state court to exhaust the unexhausted claims. *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir.), *cert. denied sub nom. Fischer*

*v. Zarvela*, 534 U.S. 1015 (2001).  According to the Second Circuit, a grant of a stay is appropriate, "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'" *Id.* at 3809 (quoting *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000)).

This Court, however, may properly evaluate a request for a stay only by reviewing a specific unexhausted claim within the petition.  Without such a mixed petition before it, the Court cannot determine whether the most appropriate course of action would be to stay the petitioner's exhausted claims to allow the opportunity to exhaust additional claims, to permit the withdrawal of the entire petition with leave to re-file a new petition in which the additional claims are raised, or merely to proceed on the original petition.

Thus, petitioner's motion for a stay (Docket # 8) is **DENIED** as premature. Petitioner is directed to submit a proposed amended complaint by **August 12, 2005**.  Such amended complaint shall include all of petitioner's claims, both exhausted and unexhausted, as well as a description of his efforts thus far to exhaust each of the claims.  Upon submission of the amended complaint, petitioner may renew his request for a stay of the exhausted claims contained in the proposed amended "mixed" petition.

**IT IS SO ORDERED.**

    s/Marian W. Payson
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
       June  29 , 2005.